# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| DARNELL BRANCH, | : | |
|     Petitioner, | : | |
| | : | CIVIL ACTION |
|     v. | : | |
| | : | NO. 07-3532 |
| FRANKLIN J. TENNIS et al., | : | |
|     Respondents. | : | |
| | : | |

## Memorandum and Order

YOHN, J.                                                                August \_\_\_\_, 2008

       Darnell Branch, an inmate at the State Correctional Institution at Rockview, has filed a petition for a writ of habeas corpus, consisting of four original claims and four new claims added later that are also pending in state court.  Branch has also filed a motion to stay his federal habeas corpus proceedings pending his exhaustion of state-court remedies.  The magistrate judge issued a Report and Recommendation recommending that the action be stayed pending resolution of Branch's four new claims in state court.  Respondents—Franklin J. Tennis, Superintendent of the State Correctional Institution at Rockview; the District Attorney of Philadelphia County; and the Attorney General of Pennsylvania—oppose a stay.  After conducting a de novo review of the magistrate judge's Report and Recommendation, and upon careful consideration of respondents' objections to the Report and Recommendation and the parties' other submissions, I will sustain respondents' objections, deny the stay, dismiss Branch's four new claims as non-cognizable in federal court, and refer the matter to the magistrate judge for a report and recommendation as to the original claims.

1

I.      **Factual and Procedural Background**[1]

On June 14, 1999, after a jury trial before Judge Jane Cutler Greenspan in the Court of Common Pleas of Philadelphia County, Branch was convicted of three counts of aggravated assault and one count of conspiracy.  On July 27, 1999, Judge Greenspan sentenced Branch to twenty-six to sixty years' imprisonment.  On August 4, 1999, Branch filed a notice of appeal in the Superior Court of Pennsylvania.  The Superior Court dismissed the appeal on April 17, 2000 because no brief had been filed.

On February 21, 2001, Branch filed a pro se petition for collateral relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541 *et seq.* ("PCRA"), claiming that trial counsel was ineffective for failing to file a brief on direct appeal.  The PCRA court appointed counsel, and counsel subsequently filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988), certifying that she had reviewed the record and concluded there were no meritorious issues to advance before the PCRA court.  On October 16, 2001, Judge Greenspan dismissed the PCRA petition and permitted counsel to withdraw.

Branch appealed, and on July 10, 2002, the Superior Court reversed the PCRA court's dismissal and remanded with instructions that Branch's direct appeal be reinstated *nunc pro tunc*. *Commonwealth v. Branch*, 808 A.2d 241 (Pa. Super. Ct. 2002) (unpublished table decision). Counsel was appointed and Branch raised ten issues on direct appeal to the Superior Court.  On September 22, 2004, the Superior Court affirmed the judgment of sentence.  *Commonwealth v.*

---

[1] The background facts are drawn from the habeas petition, respondents' response to the habeas petition, respondents' letter dated May 8, 2008 filed with the court, respondents' response to the magistrate judge's Report and Recommendation, and the exhibits accompanying these documents.  No facts are in dispute.

*Branch*, 863 A.2d 1219 (Pa. Super. Ct. 2004) (unpublished table decision).  Branch did not seek

allowance of appeal in the Pennsylvania Supreme Court.  Thus, Branch's judgment of sentence

became final thirty days later, on October 22, 2004.  *See* Pa. R. App. P. 1113(a).

On November 10, 2004, Branch filed a second pro se PCRA petition, which raised four

allegations of ineffective assistance of trial counsel.  Counsel was appointed and filed a no-merit

letter pursuant to *Finley*.  On April 26, 2006, the PRCA court dismissed the PCRA petition.

Branch then filed a pro se appeal in the Superior Court.  The Superior Court affirmed the

dismissal of Branch's second PCRA petition on February 2, 2007, *Commonwealth v. Branch*,

919 A.2d 968 (Pa. Super. Ct. 2007) (unpublished table decision), and the Pennsylvania Supreme

Court denied Branch's petition for allowance of appeal on July 18, 2007, *Commonwealth v.*

*Branch*, 928 A.2d 1288 (Pa. 2007) (unpublished table decision).

On August 20, 2007, Branch filed the instant habeas petition pursuant to 28 U.S.C. §

2254, together with a memorandum of law, asserting the following four claims:

> Petitioner was denied his constitutional right to due process of law, in that the state
> court applied an unreasonable determination of fact, and unreasonable principle of
> law, when ruling that petitioner's claim, that trial counsel was ineffective for failing
> to object to other crimes evidence, was waived.
> . . . .
> Petitioner was denied his constitutional right to due process of law, in that the state
> court applied an unreasonable determination of fact in ruling that petitioner's PCRA
> claim—that he was denied effective assistance of trial counsel for failing to object
> to the trial court's inadequate jury instruction on mere presence—was undeveloped
> in the Superior Court brief, therefore waived.
> . . . .
> Petitioner was denied his constitutional right, under the Sixth Amendment of the
> United States Constitution, to effective assistance of trial counsel, in that counsel
> failed to object when the state prosecutor unduly bolstered the trial testimony of
> government witness James Price.
> . . . .
> Petitioner was denied his constitutional right to effective assistance of trial counsel,

under the Sixth Amendment of the United States Constitution, in that counsel failed
to motion for judgment of acquittal to the charge of criminal conspiracy.

(Pet'r's Mem. Supp. Habeas Pet. 12, 22, 28, 34.)  Branch also filed a motion to stay the federal

habeas proceedings pending exhaustion of his state court remedies, specifically, the litigation of a

third PCRA petition.  Respondents oppose Branch's motion to stay federal habeas proceedings

while his third PCRA petition is pending in state court, arguing that it is clearly untimely under

state law.

On September 21, 2007, Branch filed his third PCRA petition in state court, making the

following four claims:  (1) ineffective assistance of PCRA counsel for failing to assert a claim of

ineffective assistance of trial counsel for failing to object when the Commonwealth bolstered the

trial testimony of one of its witnesses; (2) ineffective assistance of PCRA counsel for failing to

assert a claim of ineffective assistance of trial counsel for failing to object and request a mistrial

or curative jury instructions when the Commonwealth presented testimony regarding Branch's

prior involvement in unrelated criminal activity; (3) ineffective assistance of PCRA counsel for

failing to assert a claim of ineffective assistance of trial counsel for failing to make a motion for a

judgment of acquittal on the criminal conspiracy charge; and (4) ineffective assistance of PCRA

counsel for failing to assert a claim of ineffective assistance of trial counsel for failing to object

to an inadequate jury instruction.

On December 21, 2007, before any state court ruled on Branch's third PCRA petition,

Branch filed a copy of the petition with this court.  The magistrate judge informed Branch that

the claims in his third PCRA petition could not be reviewed by the federal court because they

were not included in the federal habeas petition.  The magistrate judge explained to Branch that

he could withdraw his pending habeas petition and file a new habeas petition asserting all the claims contained in both his federal habeas petition and third PCRA petition, or he could have the federal habeas petition ruled on as filed, foreclosing his opportunity to have the four claims asserted in his third PCRA petition reviewed by this court.  On March 26, 2008, Branch filed a motion requesting that the copy of his third PCRA petition filed with this court be construed as a supplement to his federal habeas petition.  The magistrate judge granted that motion on April 23, 2008, meaning that the habeas petition now pending before this court contains Branch's four original claims and the four new claims also pending before the state court.

Meanwhile, on February 5, 2008, Judge Greenspan dismissed Branch's third PCRA petition as untimely.  Branch appealed the dismissal to the Superior Court, and the appeal was submitted on briefs on July 22, 2008.

In a letter to the court filed on May 8, 2008, respondents reiterated their argument that the claims contained in the third PCRA petition are untimely under Pennsylvania law and procedurally defaulted for federal habeas purposes and that a stay should not issue.  Also on May 8, 2008, the magistrate judge issued a Report and Recommendation that the stay be granted and the habeas petition held in abeyance pending Branch's exhaustion of his state-court remedies. The magistrate judge did not address the merits of Branch's federal habeas petition.  Respondents filed objections to the Report and Recommendation, arguing that the new claims in state court were clearly untimely and also are not cognizable in federal court.  Branch filed a reply.

## II.    Discussion

When Branch supplemented his federal habeas petition with the four new claims contained in his third PCRA petition, his federal habeas petition became, at best, a mixed petition

containing both exhausted and unexhausted claims.[2]   In some instances, federal district courts

may stay consideration of mixed habeas petitions pending the exhaustion of unexhausted claims.

*Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).  However, a district court's authority to stay a

habeas proceeding in federal court while the petitioner exhausts the state-court review process is

"circumscribe[d]" and a stay is "available only in limited circumstances."  *Id.* at 276, 277.

Granting a stay is an appropriate exercise of the district court's discretion only when "the district

court determines there was good cause for the petitioner's failure to exhaust his claims first in

state court."  *Id.* at 277.  Additionally, a district court should not grant a stay when the

petitioner's "unexhausted claims are plainly meritless."  *Id.*

In this case, Branch's four new claims are not cognizable on federal habeas review;

because they are plainly meritless, I will dismiss these claims and will not issue a stay.  The

magistrate judge erred in concluding that "it is not clear that [petitioner's] four . . . claims

alleging ineffective assistance of [PCRA] counsel are without merit."  (*Id.*)  To the contrary,

Branch's new claims contained in his third PCRA petition clearly are not cognizable on federal

habeas review.  Each of Branch's four new claims asserts ineffective assistance of counsel

---

[2] The magistrate judge treated the federal habeas petition as mixed, but he did not
examine Branch's original claims to determine whether any were not exhausted or procedurally
defaulted.  Respondents argue that Branch's habeas petition is not mixed, as it contains only
nonexhausted, procedurally defaulted claims.  I need not decide whether respondents are correct
to decide whether a stay is appropriate because the policy rationale behind the *Rhines* decision is
applicable to the present situation regardless of whether Branch's habeas petition is mixed or
entirely nonexhausted and procedurally defaulted.
    The stay and abeyance procedure must be compatible with the Antiterrorism and
Effective Death Penalty Act of 1996 ("AEDPA"):  it should not "frustrate[] AEDPA's objective
of encouraging finality by allowing a petitioner to delay the resolution of the federal
proceedings" and should not "undermine[] AEDPA's goal of streamlining federal habeas
proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to
filing his federal petition."  *Id.* at 276-77.

appointed to assist him in litigating his second PCRA petition.  "The ineffectiveness or

incompetence of counsel during . . . [s]tate collateral post-conviction proceedings shall not be a

ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i); *see also Abu-

Jamal v. Horn*, No. 99-5089, 2001 WL 1609761, at * (E.D. Pa. Dec. 18, 2001) (explaining that

"no matter how deficient [state collateral post-conviction] representation was, it can not form the

basis for habeas corpus relief, which is available only where a conviction has been obtained 'in

violation of the Constitution or laws or treaties of the United States'" (quoting 28 U.S.C. §

2254(a))).  Therefore, Branch's four new claims are obviously without merit on federal habeas

review.[3]  *See, e.g.*, *Williams v. Folino*, No. 07-1099, 2007 WL 336306, at *5 (E.D. Pa. Feb. 4,

2008) (holding a layered ineffective assistance of counsel claim not cognizable on federal habeas

review); *Sanders v. Palakovich*, No. 06-1107, 2007 WL 1461946, at *7 (E.D. Pa. May 16, 2007)

(holding a layered ineffective assistance of counsel claim not sufficient to establish cause to

excuse a procedural default); *Farrar v. Klein*, No. 05-2663, 2005 WL 3120271, at *4 (E.D. Pa.

Nov. 22, 2005) (same).

    Because Branch's four new claims are clearly without merit on federal habeas review, he

need not be granted an opportunity to exhaust these claims in the state courts before they are

dismissed.  "An application for a writ of habeas corpus may be denied on the merits,

---

[3] Branch relies on Pennsylvania law to argue that his ineffective assistance of PCRA counsel claims are cognizable on federal habeas review.  Whether an issue is cognizable on federal habeas review under AEDPA, a federal statute, is a question of federal, not state, law.  It is incontrovertible that the violation of a right created by state law is not cognizable as a basis for federal habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))).  Therefore, Branch's arguments based on state law are irrelevant to the issue before this court.

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the
State." 28 U.S.C. § 2254(b)(2). Branch's four new claims will be dismissed and a stay will not
be granted.

Branch and respondents also dispute the timeliness of Branch's third PCRA petition
under Pennsylvania law in the context of the prong of the *Rhines* test relating to a petitioner's
good cause for failure to exhaust his claims first in state court. As a matter of comity, I will not
rule on this issue without a final disposition by the state courts. However, his third PCRA
petition clearly appears untimely. The PCRA provides that any PCRA petition must be filed
within one year of the date the petitioner's judgment of sentence became final, unless an
exception to the time limitation is pled and proved:

> Any petition under this subchapter, *including a second or subsequent petition*,
> shall be filed within one year of the date the judgment becomes final, unless the
> petition alleges and the petitioner proves that:
> (i) the failure to raise the claim previously was the result of interference by
> government officials with the presentation of the claim in violation of the
> Constitution or laws of this Commonwealth or the Constitution or laws of the
> United States;
> (ii) the facts upon which the claim is predicated were unknown to the
> petitioner and could not have been ascertained by the exercise of due
> diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the
> Supreme Court of the United States or the Supreme Court of Pennsylvania
> after the time period provided in this section and has been held by that court
> to apply retroactively.

42 Pa. Cons. Stat. § 9545(b)(1) (emphasis added). The one-year limitation applies to second and
subsequent PCRA petitions: they, like original PCRA petitions, must be filed within one year of
the date the petitioner's judgment of sentence became final. *See Commonwealth v. Bennett*, 930
A.2d 1264, 1267 (Pa. 2007) (holding that under 42 Pa. Cons. Stat. § 9545, "any PCRA petition,

including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final"); *Commonwealth v. Peterkin*, 722 A.2d 638, 641 (Pa. 1998) (stating the one-year time limitation and calculating time between the date the judgment became final and the date of a second PCRA petition without regard to the period during which the first PCRA petition was pending).  The PCRA's one-year time limitation "is jurisdictional in nature."  *Id.* The one-year time limitation therefore is "not subject to equitable exceptions and a court has no authority to extend [the limitation] except as the statute permits."  *Id.*

Branch's conviction became final on October 22, 2004.  The period for filing PCRA petitions thus expired on October 22, 2005.  He filed his third PCRA petition on September 21, 2007, well after the expiration of the one-year limitations period.  Branch did not plead any of the statute's exceptions to the one-year limitations period.  His third PCRA petition was dismissed as untimely by the Court of Common Pleas and appears to be clearly untimely.

However, Branch argues that his third PCRA petition was filed within the PCRA's one-year period because the one-year period was tolled while his second PCRA petition was pending. He asserts that he filed his second PCRA petition twenty days after his judgment of conviction became final (after his direct appeal was reinstated *nunc pro tunc*) and that he filed his third PCRA petition sixty days after his first PCRA petition was finally decided, thereby using only eighty days of the 365 days allotted by 42 Pa. Cons. Stat. § 9545.[4]  (Pet'r's Reply to Respondent's Resp. to Pet. to Stay Habeas Corpus Proceedings 2-3.)  While creative, this analysis is contrary to Pennsylvania's statutory and decisional law.  Indeed, Branch bases his

---

[4] Branch made the same argument before the PCRA court.  (*See* Resps.' Objs. Ex. A, at 8-9.)

analysis on the Pennsylvania Supreme Court's instruction about statutory interpretation in *Bennett*, but *Bennett* itself explains that "the PCRA envisions that persons convicted of a crime be permitted *one* review of their collateral claims." 930 A.2d at 1267 (emphasis added).

Thus, it appears very likely that the Pennsylvania courts will ultimately reject Branch's third PCRA petition as untimely. However, until they do so, as a matter of comity I will not rely on that ground as a basis for my decision. Instead, I will rely on the conclusion that these claims are meritless on federal habeas review. Because Branch's four new claims are not cognizable on federal habeas review, I will sustain respondents' objections to the magistrate judge's Report and Recommendation, deny the stay, and dismiss Branch's four new habeas claims. I will refer Branch's original habeas claims to the magistrate judge for issuance of a report and recommendation.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DARNELL BRANCH, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-3532 |
| FRANKLIN J. TENNIS et al., | : | |
| Respondents. | : | |
| | : | |

## Order

**AND NOW**, this _____ day of August 2008, upon careful consideration of petitioner Darnell Branch's motion to stay federal habeas corpus proceedings pending his exhaustion of state-court remedies (Doc. No. 13), respondents' response thereto, petitioner's reply, the magistrate judge's Report and Recommendation (Doc. No. 26), respondents' objections thereto, and petitioner's reply, **IT IS HEREBY ORDERED** that:

1. Respondents' objections are **SUSTAINED** and the recommendation of the magistrate judge to stay the proceedings is **REJECTED**.

2. Petitioner's motion to stay federal habeas corpus proceedings pending his exhaustion of state-court remedies is **DENIED**.

3. Petitioner's four new claims regarding the ineffectiveness of counsel appointed to assist him in litigating his second PCRA petition are **DISMISSED** with prejudice.

4. Petitioner's remaining habeas claims are **REFERRED** to Magistrate Judge Peter B. Scuderi for a Report and Recommendation.

_____s/ William H. Yohn Jr._____
William H. Yohn Jr., Judge